UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
NATHANIEL PRIDE,                      )
                                      )
     Plaintiff,                       )
                                      )
          v.                          )   NO.  3:10-0597
                                      )
U.S. SMOKELESS TOBACCO                )   Judge Campbell/Bryant
MANUFACTURING COMPANY,                )
                                      )
     Defendant.                       )
```

**TO: The Honorable Chief Judge Todd J. Campbell**

**REPORT AND RECOMMENDATION**

Pending in this case is the defendant's motion to dismiss (Docket Entry No. 10). Defendant argues that the complaint must be dismissed for insufficient service of process or, alternatively, that plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff, who is proceeding pro se and in forma pauperis, has failed to file a response despite requesting and receiving two extensions of time within which to do so (Docket Entry Nos. 28 and 33).

Defendant's motion to dismiss has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 3).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion to dismiss be granted and that the complaint be dismissed without prejudice for insufficient service of process.

## Summary of Pertinent Facts

Plaintiff filed his complaint on June 16, 2010, accompanied by an application to proceed in forma pauperis (Docket Entry Nos. 1 and 2). The Court granted plaintiff's application to proceed in forma pauperis and found that the complaint is not facially frivolous or malicious (Docket Entry No. 3). The plaintiff thereafter completed a service packet as directed by the Court, and a summons was issued for defendant U.S. Smokeless Tobacco Manufacturing Company on July 27, 2010, and forwarded to the U.S. Marshal's Service (Docket Entry No. 6). The record includes a return of service indicating that a summons and a copy of the complaint, addressed to the defendant at 800 Harrison Street, Nashville, Tennessee, was served by certified mail and was signed for by an individual named Robert Wright on July 30, 2010 (Docket Entry No. 7). This return fails to indicate Mr. Wright's employer or his authority to accept service of process on behalf of the defendant.

## Analysis

Rule 4(h) of the Federal Rules of Civil Procedure sets forth the requirements for serving process on a domestic or foreign corporation. This rule provides that a corporation must be served in one of two ways: (1) in a manner permitted by state law; or (2) by delivering the summons and a copy of the complaint to an officer, managing or general agent, or any other agent authorized

by appointment or by law to receive service of process. Fed.R.Civ.P. 4(h)(1)(A) and (B).

Tennessee state law expressly authorizes service of process by certified mail. Rule 4.04(10), Tenn.R.Civ.P. This rule further provides, however, that "[i]f the defendant to be served is an individual or entity covered by subparagraph . . . (4), . . . of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph." Rule 4.04(4) provides that service shall be made "[u]pon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

The requirement of proper service of process is "not some mindless technicality," but is necessary to satisfy constitutional due process requirements. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)). Furthermore, the plaintiff "bears the burden of perfecting service of process and showing that proper service was made." Sawyer v. Lexington-Fayette Urban County Gov., 18 Fed. Appx. 285, 287 (6th Cir. 2001). Where the facts are not in dispute, the determination of sufficiency of service of process is a question of law for the Court. LSJ Inv. Co. v. O.L.D., Inc., 167

3

F.3d 320, 322 (6th Cir. 1999). The Court may consider matters outside the pleadings when considering a motion challenging sufficiency of service of process. See Harris v. Gland-O-Lac Co., 211 F.2d 238 (6th Cir. 1954).

As the foregoing discussion establishes, under either state or federal procedural rules, a plaintiff bears the burden of demonstrating that he has served a copy of the summons and complaint on an officer, managing or general agent, or some other agent authorized by appointment or by law to accept service of process on behalf of the defendant corporation. Defendant has filed in support of its motion to dismiss the declaration of Richard L. Haynes, who is identified as the Employee Relations Manager of the defendant (Docket Entry No. 12). In his declaration, Mr. Haynes testifies that Robert Wright, who signed for the certified mail containing the summons and copy of the complaint, was employed by Wackenhut Corporation and was not an employee or agent of the defendant, nor has he ever been an officer, managing agent, or otherwise authorized to accept service on behalf of the defendant.

Based upon this undisputed factual record, the undersigned Magistrate Judge finds that plaintiff has not obtained service of process upon defendant as required by Rule 4 of the Federal Rules of Civil Procedure or by the Tennessee state rules governing service of process on a corporation. For the foregoing reason, the undersigned Magistrate Judge finds that defendant's

motion to dismiss for insufficient service of process should be granted and that the complaint should be dismissed without prejudice.

Defendant's motion to dismiss also argues that plaintiff's claim of retaliation for engaging in activity protected by Title VII should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In view of the undersigned's conclusion that the complaint must be dismissed for insufficient service of process, the undersigned finds that it is unnecessary at this time to address the merits of defendant's Rule 12(b)(6) argument.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** on the ground of insufficient service of process and that the complaint be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

5

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 1st day of February 2011.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
